## STATE OF OREGON,
*Respondent on review,*

*v.*

## GARY WALTER ADAMS,
*Petitioner on review.*

(No. 81-2183C, CA A27025, SC 29997)

674 P2d 593

Carla D. Thompson, Salem, argued the cause and filed the petition for petitioner on review. With her on the petition brief was Gary D. Babcock, Public Defender, Salem.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the

response to the petition and brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

PER CURIAM

## PER CURIAM

During pre-trial proceedings in this case, defense counsel contends that a motion[1] was made which asserted that, were the defendant's previous lawyer and the lawyer's investigator called by the state as witnesses, then the defendant would exercise the attorney-client privilege under OEC 503(2). OEC 503(2)[2] provides that a client has a privilege to refuse to allow his lawyer or his lawyer's representative to disclose confidential communications.

The defendant previously had been represented by another lawyer in this same case. The defendant wished to exclude testimony of conversations he had with his first lawyer and that lawyer's investigator. The prosecutor informed the court that he was planning to call both the defendant's first lawyer and that lawyer's investigator under

---

[1] The following colloquy took place:

"THE COURT: * * * The Court and counsel for the Defendant and counsel for the State are in chambers taking up a pretrial matter concerning whether or not the attorney-client privilege is going to apply with regard to two witnesses the State intends to call, and § [defense counsel], I guess first you are the one that's going to be asserting the privilege, you can put your remarks on the record first.

"[DEFENSE COUNSEL]: I note by the witness list that has been submitted by the State as part of the discovery material that the State intends to call Scott Bridges and Don Cain [the first lawyer and that lawyer's investigator] as State's witnesses. Scott Bridges is attorney of record as attorney of record for the Defendant, and it is our position that Don Cain is an investigator which was hired by Mr. Bridges on behalf of the Defendant and that he constitutes a representative of the lawyer under Oregon Rule 503, and we intend to exercise the attorney-client privilege of Rule 503 with regard to any testimony by Mr. Bridges or Mr. Cain concerning conversations which they had with the Defendant while they were acting as attorney or representative of the attorney. I believe that none of the exceptions cover any of the testimony which they might give."

[2] OEC 503(2) provides:

"*General rule of privilege.* A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

"(a) Between the client or the client's representative and the client's lawyer or a representative of the lawyer;

"(b) Between the client's lawyer and the lawyer's representative;

"(c) By the client or the client's lawyer to a lawyer representing another in a matter of common interest;

"(d) Between representatives of the client or between the client and a representative of the client; or

"(e) Between lawyers representing the client."

the authority of the OEC 503(4)(a) exception to the attorney-client privilege.[3] The prosecutor told the court:

> "* * * In this particular case what those two witnesses would be called to testify to was that the Defendant * * * wanted them basically to use a fabricated defense which would have entailed perjury by the Defendant and one other witness, and it is my contention that that kind of discussion is discussion with intent to commit crime, particularly perjury and a fraud. It is a fraud upon the Court and the system to enlist an attorney to try to put on a fabricated defense, and the exception should apply in those cases."

Defense counsel responded:

> "The services were originally sought or obtained for the purpose of the defense of the instant charge, delivery of a controlled substance. I don't believe there has been any showing that there is a crime or any charge of a crime has been filed. That the privilege would continue. Perhaps if a perjury charge were filed they could testify at that trial, but I don't believe they could testify at this trial on delivery of a controlled substance."

The court then made the following statement:

> "The Court has listened to argument from counsel and has reviewed the commentary to the Oregon Rules of Evidence under Rule 503, subsection 4 * * *. And based on that authority, and assuming that these witnesses are going to in fact testify to what [the prosecutor] has represented to the Court, that the Defendant was intending to present at trial a fabricated defense which would amount to a wrongdoing, in this case potentially the crime of perjury, the court based on that representatation would overrule the objection to have these witnesses not testify on the basis of the attorney-client privilege, and would order the witnesses to testify to those communications. * * *"

Based on those words by the trial judge, the defendant contends he was precluded from testifying on his own behalf. He claims that, had he exercised his right to testify, the

---

[3] OEC 503(4)(a) provides:

"There is no privilege under this section:

"(a) If the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud * * *."

privileged communication would have been divulged. *See* OEC
511 (Waiver of privileges).

We do not reach the merits of the admissibility of the
proposed testimony of the first lawyer or that lawyer's investi-
gator because the trial court never made a final ruling on that
evidentiary question. The first lawyer and that lawyer's inves-
tigator were not called as witnesses and the communications
which defendant contends are privileged were never admitted
into evidence or presented to the court in an offer of proof
outside the presence of the jury in accordance with OEC 103.[4]
What defendant characterizes as a "motion in limine"[5] was, in
fact, a request for an advisory ruling. What defendant charac-
terizes as the ruling on his motion was, in fact, the trial court's
subjunctive statement of its anticipated ruling if (1) the
lawyer and investigator were called as witnesses, (2) the
proffered testimony fit within the lawyer-client privilege

---

[4] OEC 103 provides:

"*Rulings on evidence.* (1) Effect of erroneous ruling. Evidential error is not
presumed to be prejudicial. Error may not be predicated upon a ruling which
admits or excludes evidence unless a substantial right of the party is affected, and:

"(a) Objection. In case the ruling is one admitting evidence, a timely
objection or motion to strike appears of record, stating the specific ground of
objection, if the specific ground was not apparent from the context; or

"(b) Offer of proof. In case the ruling is one excluding evidence, the substance
of the evidence was made known to the court by offer or was apparent from the
context within which questions were asked.

"(2) Record of offer and ruling. The court may add any other or further
statement which shows the character of the evidence, the form in which it was
offered, the objection made and the ruling thereon. It may direct the making of an
offer in question and answer form.

"(3) Hearing of jury. In jury cases, proceedings shall be conducted, to the
extent practicable, so as to prevent inadmissible evidence from being suggested to
the jury by any means, such as making statements or offers of proof or asking
questions in the hearing of the jury.

"(4) Plain error. Nothing in this rule precludes taking notice of plain errors
affecting substantial rights although they were not brought to the attention of the
court."

[5] Judge Tanzer criticized that label in *State v. Mills*, 39 Or App 85, 87 n 1, 591 P2d
396 (1979):

"We note an inexplicable but epidemic tendency to attempt to dignify such
motions by resort to Latin. Such English phrases as *preliminary motion* and
*motion to limit evidence* are not only more specifically descriptive than the Latin
phrase *motion in limine,* but are also understandable. *Res est moderata qualitate
materiae suae, non dignitate tituli.*" (Original emphasis.)

exception, and (3) the defendant made the appropriate objection.

The testimony, perhaps, would not have been admissible; on the other hand, it might have qualified as an exception to the lawyer-client privilege. The trial court was never given the opportunity to hear the specifics of the proposed evidence, nor have we. The record only reveals a general statement that the witnesses would have testified that the defendant "wanted them, basically to use a fabricated defense which would have entailed perjury by the defendant and one other witness." This record is patently incomplete.

The case of *State v. Foster,* 296 Or 174, 674 P2d 587 (1983), demonstrates a proper procedure to be used by defense counsel to limit the introduction of evidence with pre-trial and trial motions. In *Foster,* the trial judge heard the motions and, by means of an offer of proof, considered the evidence to be introduced and made a final ruling.

What constitutes evidence sufficient to come within the crime or fraud exception to the lawyer-client privilege can be a close question. *See, e.g., State ex rel North Pacific Lumber Co. v. Unis,* 282 Or 457, 579 P2d 1291 (1978), and *State v. Phelps,* 24 Or App 329, 545 P2d 901, *rev den* (1976). In this case, we cannot reach that interesting question because the state did not call the witnesses. Of course, we can speculate that after the defendant elected not to testify, the proposed witnesses were not called by the state because they were being held for rebuttal. The fact that the defendant was left in that trial posture does not excuse him from making a proper record. The trial court and any reviewing court are not required to guess what the defendant would have said or what the rebuttal to his testimony would have been. Records for review cannot be based on such speculation.

The Court of Appeals is affirmed.