Argued and submitted August 18, 2006, affirmed May 23,
petition for review denied November 21, 2007 (343 Or 467)

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID TYLER,
*Appellant.*

## 02081967; A124838

159 P3d 1218

Jamesa J. Drake, Deputy Public Defender, argued the cause for appellant. On the opening brief were Monty K. VanderMay and The VanderMay Law Firm. With her on the supplemental appellant's brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Ortega and Rosenblum, Judges.

ORTEGA, J.

**ORTEGA, J.**

Defendant appeals a judgment convicting him of six counts of sexual abuse in the first degree, ORS 163.427, and three counts of unlawful sexual penetration in the second degree, ORS 163.408. We address only one of defendant's assignments of error—defendant's challenge to the trial court's exclusion of certain evidence—and reject the others without discussion. As to that one assignment, because defendant failed to preserve the issue that he now asserts on appeal, we affirm.

Defendant's convictions stem from several years of sexually abusing his preteenage daughter and from one occasion of sexually abusing her friend, S. For purposes of this appeal, we need only recount the facts relating to the abuse of S.

One evening in 1999, S, along with defendant's daughter and his girlfriend, returned to defendant's home after an evening of shopping. S was spending the night there, as she had done several times before. A number of others were present in the home that evening, including three other children and an adult, Brett Baker, a friend of the family who had been living in the home. The disputed evidence concerns Baker, a registered sex offender.

It is unclear whether defendant's daughter knew of Baker's offender status at the time, but she testified that she "warn[ed]" S about Baker, telling her not to get "one-on-one" with him, to "look out" for him, and that he was "weird." Defendant's daughter later accused Baker of sexually abusing her.

After defendant's daughter had fallen asleep on the couch downstairs, S decided to go upstairs to bed because Baker was still downstairs and S had an "eerie feeling" about him. Baker had also looked at her in a way that made her feel uncomfortable.

After S had fallen into a "light" sleep upstairs, she heard a voice say to her, "If you don't like this you can tell me to stop." The person speaking then placed his hands down her pajama pants and touched her vagina and also touched her

breasts. S said that she "woke up," found the perpetrator beside her, and then "got this feeling like [she] was going to throw up." She left the room, went downstairs, and fell back to sleep on the floor beside defendant's daughter, who was still on the couch.

Despite the fact that S was in a "light sleep" when spoken to, she heard the voice and recognized it as belonging to defendant, not Baker. Further, she testified that she knew that defendant was the perpetrator because she saw him when she got up to go downstairs. S stated that there was no question in her mind that it was defendant who had abused her.

At trial, all of the above evidence was presented to the jury except (1) that Baker was a registered sex offender, and (2) that defendant's daughter later accused Baker of sexually abusing her.[1] A jury convicted defendant of one count of second-degree sexual penetration and two counts of first-degree sexual abuse for the incident involving S.

Defendant now appeals the exclusion of those two items of evidence. Defendant contends that the evidence was relevant to the abuse involving S because it suggests that Baker, not defendant, was the perpetrator.[2] The state responds that defendant failed to preserve the issue or, alternatively, that any error was harmless. We agree with the state that defendant failed to preserve the issue he raises on appeal.

As a general rule, we will not consider an issue that an appellant did not preserve. *See State v. Roble-Baker*, 340 Or 631, 639, 136 P3d 122 (2006). To preserve an issue, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the

---

[1] Defendant's daughter also accused defendant of abusing her but later recanted. Evidence of both the accusation and the recantation were admitted.

[2] OEC 401 provides, in part:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Preservation rules are meant to ensure "that the position of a party is presented clearly to the trial court and that parties are not taken by surprise, misled, or denied opportunities to meet an argument." *State v. Wideman*, 203 Or App 359, 364, 124 P3d 1271 (2005). A party "should not be heard to argue that a trial court committed reversible error because it did not rule in that party's favor on a ground never presented to it." *Id.* (citation omitted).

■ We begin with the evidence that Baker was a sex offender. Defendant apparently contends that the issue of the admissibility of that evidence was preserved by a discussion that occurred immediately before the trial began, although he cites only one page of that discussion that contains no argument of counsel. At the beginning of that discussion, defendant contended generally that, because S was in a "semi-conscious" state during the abuse, the identity of the perpetrator was questionable and that the evidence would show that Baker was in the home and that he was a registered sex offender. What followed was a lengthy discussion about other potential evidence regarding Baker, including statements that defendant had made about Baker, and the court reiterated an earlier ruling that defendant's statements about Baker were inadmissible.[3] At the end of that discussion the parties returned to the evidence regarding Baker's status as a sex offender. The prosecutor reminded the court:

> "[PROSECUTOR]: And, Your Honor, the information about whether [Baker] was a sex offender or not, we've got to address that, too. I don't think that part is admissible. * * *
>
> "* * * * *
>
> "THE COURT: * * * Like I say, at this point I don't think it's relevant either. We'll have to cross the bridge when we get there. It just depends on what the evidence is, and I don't know that."

---

[3] That ruling is not challenged on appeal.

At that point in the proceedings, the court had not made a ruling, but rather had only anticipated what its ruling might be, depending on how the evidence came in at trial.

The issue of Baker's sex offender status then resurfaced during defense counsel's questioning of defendant's daughter:

"Q.  Do you remember ever warning S about [Baker]?

"A.  Yeah.

"Q.  Do you remember what you told her?

"A.  That he is a sex offender, I believe, and that he's kind of weird.

"[PROSECUTOR]:  Your Honor, I'm [going to] object to this line of questioning based on previous discussion we've had.

"THE COURT:  Isn't that outside the Court's ruling?

"[DEFENSE COUNSEL]:  I was just asking what she told [S] about [Baker].

"THE COURT:  I understand, but didn't the court rule on that?

"[DEFENSE COUNSEL]:  *It's my understanding that the Court did rule on that, Your Honor.*

"THE COURT:  The jury should disregard it. Ask questions that are inside the Court's rulings please, only. Let's proceed."

(Emphasis added.)

That exchange is similar to the events that occurred in *Hayes Oyster Co. v. Dulcich,* 170 Or App 219, 12 P3d 507 (2000). There, during a pretrial hearing, the trial court made "subjective statement[s] of its anticipated ruling[s]," subject to further consideration at trial. 170 Or App at 232-33 (brackets in original; internal quotation marks and citations omitted). During trial, the proponent of the evidence sought to admit it and opposing counsel objected, indicating that the court had already ruled to exclude the evidence. After the trial court sustained the objection, the proponent appealed, and we refused to reach the merits of whether the trial court erred in excluding the evidence. *Id.* at 234. We explained that

the pretrial rulings only anticipated how the court might rule and therefore were not final and could not be reviewed as error. *Id.* Further, we explained that, even if the trial court erred in sustaining the objection at trial, the proponent "never explained why the [evidence] would have had any material effect on its case." *Id.* at 235-36.[4]

Here, it is even more clear than in *Hayes* that there is no final ruling for us to review. As in *Hayes*, before trial, the court merely made subjective statements of its anticipated rulings, which it expressly made subject to further consideration at trial. *See id.* at 233; *see generally State v. Adams*, 296 Or 185, 189, 674 P2d 593 (1983) (the appellate court will not reach the merits of admissibility where the trial court "never made a final ruling on [the] evidentiary question" at issue). When the issue came up at trial and the state objected to defendant's daughter's testimony that she told S that Baker was a sex offender, defendant not only failed to explain to the court why the evidence should come in but also acknowledged—incorrectly that the court had already ruled to exclude it. Accordingly, defendant failed to provide the trial court with any explanation of his position, let alone one that was "specific enough to ensure that the court [could] identify its alleged error with enough clarity to permit it to consider and correct [it]." *Wyatt*, 331 Or at 343.

■      Moreover, any error in excluding the evidence was invited by defendant. "Invited error" occurs when an appellant was "actively instrumental in bringing about the error." *State v. Fults*, 210 Or App 150, 154, 149 P2d 1248 (2006) (citation omitted). That doctrine applies "when a party has consciously or actively 'invited' the trial court to rule in a particular way." *Id.* (citation omitted). Here, because defendant agreed with the court's erroneous statement that it already had excluded the evidence, the court sustained the pending objection to the evidence. Defendant thus invited any error that occurred in sustaining the objection.

■      Turning to the second item of evidence—that defendant's daughter had accused Baker of abusing her—

---

[4] We also indicated that the proponent of the evidence was not prejudiced by the exclusion because the same information came in by other means. *Id.* at 236.

defendant likewise now contends that the evidence was relevant, under OEC 401, to the case involving S. As noted above, defendant's daughter accused both defendant and Baker of abusing her and later recanted as to defendant. Evidence of the accusation and recantation regarding defendant was admitted, but the accusation against Baker was excluded.

Defendant contends that the issue was preserved during an October pretrial hearing that was scheduled to address defendant's motion entitled, "Defendant's Motion to Admit Evidence under OEC 412." In an affidavit accompanying that motion, defendant's attorney indicated that defendant's daughter's accusation against Baker, and other evidence, "may fall within the purview of the OEC 412." That rule, the rape shield law, prohibits a defendant, in most circumstances, from introducing evidence of a victim's "past sexual behavior." *State v. LeClair*, 83 Or App 121, 126, 730 P2d 609 (1986), *rev den*, 303 Or 74 (1987). There are exceptions to the rule when the evidence "[r]elates to the motive or bias of the alleged victim[,]" or "[i]s necessary to rebut or explain scientific or medical evidence offered by the state[,]" or "[i]s otherwise constitutionally required to be admitted." OEC 412(2)(b)(A) - (C).

Although the record is not entirely clear, it appears that defendant attempted to argue that the evidence should be admitted based on one of the exceptions to the rape shield law:

"[DEFENSE COUNSEL]: * * * [Defendant's daughter] disclosed contact by two individuals, * * * Baker and [defendant]. And then she recanted what * * * Baker had done * * *. Then she recanted again, * * * then disclosed that it was entirely * * * Baker. * * * [O]ur hope, Your Honor, is to include [the] statements. We understand that [S's] past conduct is not relevant at this point unless something else happens that we discover in the next couple of weeks. But as to [defendant's daughter's] statement[s], they are admissible and [defendant] does have a right to cross-examine her about past false accusations. * * *

"* * * * *

"The rules provide that if you're trying to admit past sexual behavior which is conduct, you're not allowed to do that unless there is a very good reason.

"* * * * *

"* * * But if you talk about past conduct and then you recant what you said, that statement comes in as a prior false accusation."

The parties then discussed when exactly defendant's daughter made the accusations and when exactly she recanted. The trial judge eventually commented, "I think we're kind of out of the false allegation category now. I think we're back to simply relevance as far as making an accusation and her ability to remember and recount." After further discussion pertaining to defendant's statements about Baker, which had been excluded, the court stated, "I think this is a relevant issue and I'm going to think about it over the weekend and I'll write you a letter on Monday."

The only letter that fits that description, however, was issued five months later, shortly before trial. In it, the trial court stated:

"* * * As I understand it, [defendant's daughter] initially reported that defendant and * * * Baker had subjected her to sexual abuse. She later recanted as to defendant but not as to * * * Baker. Defendant wishes to introduce evidence that she reported both abuses. Unless the door is opened by the state I do not believe the fact that she reported abuse by * * * Baker is admissible."

The letter does not further explain the basis for the court's ruling, but the only argument defendant had made regarding the admissibility of that evidence had been based on OEC 412.

On the day of trial, defendant apparently renewed his OEC 412 argument:

"In addition, as we discussed, [defendant's daughter] made specific disclosures that * * * Baker did things to her as well. * * * They are * * * prior allegations that have been made that are of a similar conduct and at a similar time. And one of the questions this jury is gonna have to struggle with * * * is * * * who was the perpetrator."

The court declined to change its prior ruling "as I indicated in the letter," but noted that "things can happen that would change the [c]ourt's opinion." The court apparently understood that defendant was offering the evidence for purposes of the alleged abuse against both defendant's daughter and against S:

> "[M]y understanding of the latest problem was that [defendant's daughter] made an allegation as to [d]efendant and to * * * Baker. She then recanted as to [d]efendant but didn't recant as to * * * Baker. When you look at that statement all by itself, I just don't think it's relevant[;] it doesn't make any difference[;] I think it's excluded by the [e]vidence [c]ode. * * * I guess once she testifies we may have to revisit that issue."

On appeal, defendant now abandons his OEC 412 "false accusations" argument and makes, instead, a more general argument, not asserted below, that the evidence should have been admitted as relevant under OEC 401. Although defendant cites generally the October hearing as the locus of his preservation of the issue, defendant did not invoke OEC 401 or otherwise indicate, at any time during that hearing, how defendant's daughter's accusation against Baker was relevant to the case involving S. The only mention of the potential relevance of the proffered evidence was by the trial court, in passing at the October hearing and again at the later hearing, in which the court suggested that it was not inclined to think the evidence was relevant but indicated that it would "revisit that issue" depending on how the evidence came in. That, again, was an unreviewable preliminary ruling expressly made subject to further consideration. In any event, defendant neither addressed the relevance of the proffered evidence before that preliminary ruling nor accepted the court's invitation to address relevance during the trial.[5]

---

[5] Defendant offers the following by way of preservation as to both items of evidence:

> "[Defendant] made a motion to admit the evidence and the [c]ourt denied the motion after a hearing on October 9, 2003. [Defendant's] counsel again discussed the matter with the court on the morning of trial and the [c]ourt clarified its ruling that the evidence would not be admitted. Tr.6."

As discussed in the text, the transcript of the two referenced hearings is hardly a model of clarity, and defendant has made no effort to identify where in either hearing he preserved the argument that he now makes on appeal. The one transcript

Accordingly, defendant failed to provide the trial court with any explanation of his position, let alone one that was "specific enough to ensure that the court [could] identify its alleged error with enough clarity to permit it to consider and correct [it]." *Wyatt*, 331 Or at 343. Accordingly, we decline to review the issue.

Affirmed.

---

cite he offers includes the preliminary ruling we have described, with the invitation to "revisit the issue," not a final reviewable ruling.

Although counsel argued at the pretrial hearing that there is a "question as to identity" with regard to abuse of S, he proceeded to reassert his OEC 412 argument. ORAP 5.45(4)(c) provides that we "may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved." We have gone further than we were required to do here and decline to further develop what arguments defendant might have made to establish that his arguments on appeal were preserved below.