No. 650 July 23, 2025 87

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NOAH GARCIA-MARTINEZ,
*Defendant-Appellant.*

Washington County Circuit Court
20CR61184; A180287

Andrew Erwin, Judge.

Argued and submitted March 6, 2025.

Margaret Huntington argued the cause for appellant. Also on the briefs was O'Connor Weber, LLC.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction for first-degree rape and first-degree sodomy.[1] He raises three assignments of error. First, he argues that the trial court erred by admitting evidence that he contends was prejudicial other-acts evidence. In his second assignment of error, defendant argues that the prosecutor engaged in plainly improper argument during rebuttal closing, and that it was so egregious that reversal is required. In his third assignment of error, he contends that the trial court abused its discretion by not allowing defendant to call the victim as a witness in the defense case-in-chief. We conclude that none of defendant's assignments of error provides a basis for reversal, and, consequently, we affirm.

The charges arose from events that took place between defendant and his girlfriend, Q, in his bedroom. In a 9-1-1 communication during the events, Q reported being held against her will, and in statements to police and hospital staff shortly thereafter, Q reported that defendant had subjected her to nonconsensual sexual contact. However, within a few weeks of the incident, Q recanted her accusations.

At trial, the state presented testimony from Q but did not question her about the events that took place in the bedroom. On cross-examination, defense counsel elicited testimony from Q that she had recanted her accusations against defendant and that she had maintained for about two years at that point that what happened in defendant's bedroom had been consensual.

The state also sought to present evidence that after the sexual assault and before trial, defendant had drunkenly walked into a stranger's home near Q's home, looking for Q despite an order forbidding defendant from contacting Q. Defendant objected to admission of that evidence on relevance grounds. The state contended that the evidence was relevant to show Q's bias or motive to change her testimony. The trial court agreed that the evidence was admissible, and it was subsequently admitted at trial.

---

[1] The jury also found defendant guilty of two counts of first-degree sexual abuse, which were merged with the rape and sodomy convictions.

*First Assignment of Error.* On appeal, defendant argues that the evidence of defendant entering a stranger's house was inadmissible other-acts propensity evidence, and that the trial court erred by admitting it. But, the state argues, defendant never made that argument below. Rather, defendant raised only a relevance objection to the evidence, arguing that it was not relevant to show bias or motive to lie, as the state argued it was. That objection did not put before the trial court the argument that defendant makes on appeal, that the state's bias or motive to lie theory of admissibility relied on propensity reasoning, and that the evidence should have been excluded under OEC 404. Moreover, defendant does not request plain-error review. We do not further address defendant's first assignment of error because it is unpreserved. *See* ORAP 5.45; *State v. Jackson*, 212 Or App 51, 55, 157 P3d 239, *rev den*, 343 Or 206 (2007) (an argument on appeal that was "qualitatively different" from the one raised at trial was unpreserved).

*Second assignment of error.* We turn to defendant's second assignment of error, concerning the prosecutor's rebuttal argument, which defendant contends was improper. Defendant acknowledges that this assignment of error is unpreserved. In order for us to consider it, the error must be plain. *State v. Chitwood*, 370 Or 305, 312-14, 518 P3d 903 (2022). In the context of an unpreserved challenge to a prosecutor's statements in argument, the challenged prosecutorial statements must be plainly improper, *id.*, and "to satisfy the plain-error requirement that the alleged error be 'one of law,' a defendant must prove that the prosecutor's comments were not just 'improper,' but 'so prejudicial as to have denied [the] defendant a fair trial.'" *State v. Perez*, 373 Or 591, 605, 568 P3d 940 (2025) (quoting *Chitwood*, 370 Or at 312 (brackets in *Perez*)). "In other words, the prosecutor's comments must have been so prejudicial that an instruction by the trial court to the jury to disregard the comments 'would not have been sufficiently curative' to ensure that the defendant received a fair trial." *Id.* at 605 (quoting *Chitwood*, 370 Or at 312).

In rebuttal closing argument, the prosecutor made the remarks on which defendant bases his second assignment of error:

"You want to know why questions weren't asked by myself of her about [what happened in the bedroom]? And I said [defense counsel] can absolutely do that. I have ethical duties as a lawyer, and I'm not going to get into the weeds of that because I don't want to get off track, but I didn't ask her questions about what happened because I wanted to make sure I follow through with my ethical obligations as a lawyer. I wasn't trying to hide one thing from you, which is why I said, '[defense counsel] is going to be free to ask anything that she wants.' My ethical obligations did not allow me to ask these questions."

Defendant contends that "[a] juror could have inferred that the prosecutor's comments suggested defense counsel was colluding with defendant and [Q] to knowingly present perjured testimony[,]" and that "the prosecutor's comments told the jury defense counsel had violated her ethical duties and presented perjured testimony to the court."

We assume without deciding that the prosecutor's remarks were improper. Having reviewed the record, however, we conclude that a curative instruction would have been sufficient to protect defendant's right to a fair trial in these circumstances. It would have been clear to the jury from the outset that Q had provided two mutually exclusive narratives of what had occurred, and consequently that one of the narratives must be false. The jury would presumably not have been surprised to learn that the prosecutor personally believed the version of Q's narrative that she presented in the state's case-in-chief. Although it is never acceptable for a prosecutor to state or insinuate that she personally believes or disbelieves a witness, *see, e.g.*, *Perez*, 373 Or at 619 (Bushong, J., concurring), or to provide or imply information outside of the record, here the trial court had thoroughly and recently instructed the jury on vouching and the jury's role in determining the facts; it had given an additional instruction during the defense argument just before the state's rebuttal argument, reminding the jury that the statements of the lawyers were not evidence; and the prosecutor herself had also just reminded the jury that it should rely on its own view of the evidence in the record and that the lawyers' arguments were not evidence.

With that background, if the court had given a curative instruction telling the jury to disregard the prosecutor's references to her ethical obligations, we are persuaded that the jury would have been able to follow the instruction. *See, e.g.*, *State v. Wellington*, 332 Or App 44, 49, 548 P3d 146, *rev den*, 373 Or 81 (2024) ("[A] proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct, because we generally assume that a jury has followed a court's curative instruction unless there is an overwhelming probability that the jury was incapable of following the instruction." (Internal quotation marks and citations omitted.)). Defendant has not shown that there was an overwhelming probability that the jury would have been incapable of following a timely curative instruction here. Defendant was not deprived of a fair trial. Accordingly, we affirm on defendant's second assignment of error.

*Third Assignment of Error.* Finally, in defendant's third assignment of error, he contends that the trial court abused its discretion by not allowing defendant to call Q as a witness in the defense case-in-chief. The state points out in its response that the trial court made only a preliminary ruling on that request, expressly saying it would revisit the issue at some future point. Having reviewed the record, we agree. Because defendant never requested, and the trial court never made, a final ruling on the issue, there is nothing for us to review. *State v. Tyler*, 213 Or App 109, 115, 159 P3d 1218, *rev den*, 343 Or 467 (2007); *see also State v. Adams*, 296 Or 185, 189, 674 P2d 593 (1983).

For those reasons, we affirm on each of defendant's assignments of error, and accordingly affirm the judgment.

Affirmed.